**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **TONIA SCOTT,** : | |
| : | |
| **Plaintiff** : | **CIVIL ACTION NO. 3:16-0334** |
| : | |
| v. : | |
| : | **(JUDGE MANNION)** |
| **JEFF REINHARD, et al.,** : | |
| : | |
| **Defendants** : | |

# M E M O R A N D U M

Pending before the court is one of several recent complaints filed by *pro se* plaintiff Tonia Scott seeking to prevent the defendant cable television and telephone company from charging her for use of its services and to order the company to give her a service credit toward all of her utility charges on her account. She also seeks the court to order the company to pay her monthly rental fees for the land it occupies claiming that she is a natural owner of the land based on her American Indian heritage. (Doc. 1). The complaint will be **DISMISSED WITH PREJUDICE** for failure to state a cause of action and for lack of subject matter jurisdiction. Plaintiff's motion to proceed *in forma pauperis*, (Doc. 2), will be **GRANTED**.[1]

**I.     BACKGROUND**

---

[1] Plaintiff Scott indicates in her *in forma pauperis* motion that she owns her home located at 4110 Winchester Way, Bushkill, PA, but she does not state the value of her home and whether she has a mortgage. Even though plaintiff's *in forma pauperis* motion is inadequate, in the court's discretion, it will be granted for present purposes only.

On February 24, 2016, plaintiff Scott, a resident of Bushkill, Pennsylvania, filed several complaints including the instant one against Jeff Reinhard, President of Blue Ridge Cable Technologies, Inc. Plaintiff indicates that this court has federal question jurisdiction over her action pursuant [28 U.S.C. §1331](#).

Plaintiff contends that since she is an "Aboriginal/Indigenous American Indian" and an "heir of the North American continent" she is a natural owner of the land where the Blue Ridge cable TV company is located. She states that since the cable TV company would not accept her proffered negotiable instrument to pay for her cable and telephone services, she had no choice but to exercise her natural ownership authority over the land which the company occupies and to demand rental payment for its usage. Plaintiff states that the legislatures were divested of their powers over "the cultural rights of Indigenous and Aboriginal American Indian people" and that no laws can be made which "effect the rights of indigenous people to fully and effectively enjoy their right to self-determination."

Specifically, plaintiff states that since Blue Ridge failed to respond to her proffered negotiable instrument to pay for her utility services and to credit all amounts due on her account, she "implement[ed] ownership authority of the land that defendant had failed to compensate for usage." As relief, plaintiff requests the court to order defendants to give her a service credit on her utility accounts for the duration of the services she uses and to pay her $3500

per month for land rental expenses.

**II.    DISCUSSION**

To date, plaintiff's complaint has not been served on defendants and no response to her complaint is due by the defendants at this time. In cases where the plaintiff has *in forma pauperis* status, Section 1915 of the United States Code, 28 U.S.C. §1915, requires the court to dismiss a plaintiff's case if, at any time, the court determines that the action is, "frivolous or malicious" or "fails to state a claim on which relief may be granted." §1915(e)(2)(B). *See* McCain v. Episcopal Hosp., 350 Fed.Appx. 602, 604 (3d Cir. 2009) (Section 1915(e)(2) applies to all *in forma pauperis* complaints, and not just to prisoners); Grayson v. Mayview State Hosp., 293 F3d 103, 110 n. 10 (3d Cir. 2002). For the reasons stated below, the plaintiff's case is both frivolous and fails to state a claim upon which relief can be granted, and therefore, the case must be dismissed.

An action is frivolous where "the court determines that the claim is: (1) of little or no weight, value, or importance; (2) not worthy of serious attention; or (3) trivial." Deutsch v. United States, 67 F.3d 1080, 1082 (3d Cir. 1995). A complaint must contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(1) and (2). Even though courts are more deferential and liberally construe pleadings of *pro se* litigants,

3

the plaintiff must still comply with the pleading standards set forth in the Federal Rules of Civil Procedure. *See* Frazier v. Southeastern Penn. Transp. Auth., 785 F.2d 65, 67 n. 3 (3d Cir. 1986); Hughes v. Rowe, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). As such, a complaint must include factual allegations to support the legal claims asserted. Id. at 1949, 1953.

Plaintiff's complaint provides neither understandable factual allegations nor the grounds on which the claims rest. It does not put defendants on fair notice of any cognizable claims against them and the factual basis for any claims. The complaint is not comprehensible, a circumstance which justifies dismissal under Rule 8. *See* Roy v. Supreme Court of U.S., 484 Fed.App'x 700, 700 (3d Cir. 2012).

While the incomprehensibility of the complaint is alone sufficient to justify dismissal, the court can dismiss a complaint that is completely devoid of merit and plainly frivolous for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1). *See* DeGrazia v. F.B.I., 316 Fed.Appx. 172, 173 (3d Cir. 2009); Smith v. Laster, 787 F.Supp.2d 315, 318-19 (D. Del. 2011) (citing Hagans v. Lavine, 415 U.S. 528, 536–37, 94 S.Ct. 1372, 39 L.Ed.2d 577

(1974) (sua sponte dismissal under Rule 12(b)(1) is proper when allegations "are so attenuated and unsubstantial as to be absolutely devoid of merit, ... wholly insubstantial, ... obviously frivolous, ... plainly unsubstantial, ... or no longer open to discussion.")).

Moreover, in Delaware Nation v. Pennsylvania, 446 F.3d 410, 416-17 (3d Cir. 2006), the Third Circuit stated:

> the manner, method, and time of the sovereign's extinguishment of aboriginal title raise political, not justiciable, issues. United States v. Santa Fe Pac. R.R. Co., 314 U.S. 339, 347, 62 S.Ct. 248, 86 L.Ed. 260 (1941). "[W]hether (extinguishment) be done by treaty, by the sword, by purchase, by the exercise of complete dominion adverse to the right of occupancy, or otherwise, its justness is not open to inquiry in the courts." Id. (emphasis added); United States v. Alcea Band of Tillamooks, 329 U.S. 40, 46, 67 S.Ct. 167, 91 L.Ed. 29 (1946) (noting that the sovereign "possessed exclusive power to extinguish the right of occupancy at will.").

As such, "the manner in which the sovereign executes a purchase or a treaty with an Indian entity" is a "nonjusticiable" issue. Id. at 417 n. 10. Thus, plaintiff has failed to state a judicially determinable issue regarding her claim of aboriginal title to defendants' land.

Finally, it is true that generally, the court should grant leave to amend a complaint before dismissing it as merely deficient. *See, e.g.*, Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue

5

delay, prejudice, or futility." Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004). Here, it is clear that granting plaintiff leave to amend her complaint would be futile in light of the incomprehensibility of the complaint and since it is "no longer open to discussion" that plaintiff's complaint is "obviously frivolous."

### III. CONCLUSION

For the above reasons, plaintiff's motion to proceed *in forma pauperis*, (Doc. 2), is **GRANTED**. Plaintiff's complaint is **DISMISSED**. The Clerk is directed to close the case. A separate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: March 7, 2016**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2016 MEMORANDA\16-0334-01.wpd